## Stichler v. Stichler.

KOCH, P. J., Oct. 8, 1928.—The ground of divorce stated by the libellant is that "the respondent on the 1st day of April, A. D. 1920, in the village of Newtown, Township of Reilly, County of Schuylkill, State of Pennsylvania, aforesaid, wilfully and maliciously, and without a reasonable cause, deserted the libellant and absented himself from her habitation and has continued in the said wilful and malicious desertion during the term or space of two years

and upwards, to wit, from the date of the said wilful and malicious desertion, on the 1st day of April, A. D. 1920, and thence hitherto."

In his report, the master states the cause of divorce in the language just quoted above from the libel, but he fails to find the fact to be as so alleged. Under his heading "Findings of fact," he, *inter alia*, says: "The libellant and respondent were residents of Schuylkill County, Penna., the former having resided in said county all her life. After their marriage they resided at Newtown in Reilly Township, Schuylkill County, Penna., with an aunt of the libellant. They continued to reside in said place and county aforesaid until the desertion of the respondent on the 1st day of April, A. D. 1920." Again: "The testimony and evidence show that the libellant and respondent . . . after their marriage . . . went to live with the libellant's aunt and lived with said aunt until the time of the said desertion by the respondent on the 1st day of April, 1920." And from such so-called findings he draws, among his "Conclusions of Law," that: "5. Respondent deserted libellant wilfully and maliciously, and without reasonable cause and has continued in said desertion from the 1st day of April, 1920, up to the time of the filing of this libel and thence forth."

The Act of March 10, 1899, P. L. 8, authorizes the Court of Common Pleas to appoint a master in a divorce case "who shall take the testimony and return the same, together with a report of the proceedings before him and his opinion of the case to the court," and it gives the court power to adopt rules regulating the proceedings before the master and fixing his fees. A master's report in a divorce proceeding should be framed according to the rules for the preparation of reports of masters in chancery: Moore v. Moore, 11 Dist. R. 253. To say that the evidence shows so and so is not finding a fact; some of the evidence may also show just the opposite. The master has the witnesses before him and must find his facts from the evidence. It is not sufficient that the master says that he finds the averments of the libel made out. He must state what facts he finds. In this instance, it is apparent that the master intended to find that the respondent deserted the libellant wilfully and maliciously and without a reasonable cause and that he has persisted in that desertion from April 1, 1920, until the present time. But what he states as a legal conclusion does not answer for a finding of fact. Nor does his recommendation for a decree of divorce answer the purpose. His findings of fact must be definite: Moore v. Moore, 11 Dist. R. 253; Pomeroy v. Pomeroy, 11 Dist. R. 299. His findings of fact must be stated expressly as facts and not as matters of opinion: Campbell v. Campbell, 11 D. & C. 253, 26 Pa. C. C. R. 671. And his opinion must be founded on clear and precise findings of fact deduced from the proofs stated by him: *Ibid.* "A running comment on the facts is not a specific finding of any fact. Unless the facts are specifically found, the legal conclusions cannot follow in an orderly manner:" Nungesser v. Nungesser, 32 Pa. C. C. Reps. 383. See, also, Gerhart v. Gerhart, 5 Berks Co. L. J. 241; Miller v. Miller, 9 Berks Co. L. J. 85. "Whether exceptions are filed to the report of a master or not, it is still the duty of the court to examine and carefully consider the evidence and determine whether it satisfactorily establishes the facts which, under the express authority of the statutes, authorize a court to enter a decree:" Micheals v. Micheals, 65 Pa. Superior Ct. 464, 467. A master should find the main fact upon which the libel for divorce is based, as stated in the language of the act of assembly which authorizes a decree on such ground, unless the testimony will not support such finding of fact or unless he does not believe the testimony.

The record is remitted to the master to report his findings of fact in accordance with the views herein expressed. From M. M. Burke, Shenandoah, Pa.